UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JESUS LICEA-AVALOS,<br><br>　　　　　Defendant. | No.  2:12-cr-00172 JAM CKD<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Defendant is a federal prisoner proceeding pro se with a motion attacking his conviction and sentence under 28 U.S.C. § 2255.[1]  (ECF No. 35.)  Defendant's motion presents one ground for relief:  Ineffective assistance of counsel at plea and sentencing.  Plaintiff has opposed the motion (ECF No. 39), and defendant has filed a reply (ECF No. 43).  For the reasons set forth below, the undersigned will recommend that the motion be denied.

I.  Factual and Procedural Background

　　　　On April 27, 2012, defendant was charged by criminal complaint with violating 8 U.S.C. § 1326.  (ECF No. 1.)  On May 12, 2012, the grand jury returned a single-count indictment charging defendant with being a deported alien found in the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  (ECF No. 5.)  On May 4, 2012, Assistant Federal Defender ("AFD")

---

[1] The companion civil case is No. 2:14-cv-00856 JAM CKD.

1

1  Alexandra Negin was designated as defendant's counsel. (ECF No. 7.)

2  In a letter dated April 27, 2012, the government conveyed a plea offer to defendant under the U.S. Attorney's Office Fast-Track Immigration Prosecution Program. (ECF No. 39-1 ("Desai Decl."), Ex. 1.) The cover letter stated that the agreement "will automatically expire unless defendant agrees to the terms of the agreement and executes it by May 27, 2012." (Id. at 4.[2]) Under the terms of the agreement, defendant would plead guilty to the single-count indictment, and the government would not oppose a three-level reduction in offense level for acceptance of responsibility, move for a two-level reduction in offense level under the fast-track program, and recommend a sentence at the low end of the advisory sentencing range. (Id. at 10.) AFD Negin represented to defendant that the recommended fast-track sentence under the plea would be 63 months. (ECF No. 35 at 9; see ECF No. 39 at 2.) Without the fast-track plea, the advisory guideline range was projected to be 77 to 96 months in prison. (ECF No. 39 at 2.)

Defendant declares that, "[a]t some point" after the plea offer was made, defendant's wife contacted attorney Evans Prieston in the hope of obtaining a better outcome. (ECF No. 35 at 10.) According to defendant, "Mr. Prieston advised that if he was retained he would get [defendant] 36 to 48 months," and due to this assurance, defendant's wife retained Mr. Prieston as defendant's new attorney. (Id.)

Defendant makes clear that Mr. Prieston made this alleged promise prior to being retained (ECF No. 43 at 2), i.e., while defendant was still represented by AFD Negin. In his reply in support of the motion, he estimates that his wife spoke to Prieston on or about May 14-15, 2012, when defendant still had "a near two (2) week window left to make a decision on the proposed 'Fast-Track' offer." (Id. at 4.) After Mr. Prieston allegedly convinced defendant and his wife that he could obtain a shorter sentence than offered in the plea, it took approximately six and a half weeks for defendant's wife "to pool the necessary resources to retain Prieston," after which Prieston met with defendant in person for the first time. (Id. at 5.) The record indicates that defendant had not retained Prieston as of June 19, 2012, the date on which the government

---

[2] Citations refer to page numbers assigned by the court's docketing system.

notified the court via email that defendant "is looking into retaining new counsel." (Desai Decl., Ex. 3 at 20.) On July 10, 2012, Mr. Prieston formally entered his appearance as counsel for defendant.[3] (ECF No. 11.)

Meanwhile, the fast-track plea offer expired. "Mr. Prieston never obtained a better plea offer from the Government," defendant declares. (ECF No. 35 at 10.) "The promised 36 to 48 months never materialized after Mr. Prieston was paid a large sum of money as his retainer and fees." (Id.)

On September 25, 2012, defendant pled guilty to the one-count indictment without a plea agreement. (ECF Nos. 16 & 17.) The district court sentenced defendant to 89 months in prison. (ECF No. 24.) Defendant appealed his sentence with Mr. Prieston as his counsel (ECF No. 26), and on January 27, 2014, the United States Court of Appeals for the Ninth Circuit affirmed the judgment. (ECF No. 33.)

Defendant filed the instant § 2255 motion on April 3, 2014. (ECF No. 35.)

II. Legal Standards

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." A § 2255 motion is the customary procedure for challenging the effectiveness of trial counsel under the Sixth Amendment. United States v. Houtchens, 926 F.2d 824, 828 (9th Cir. 1991).

To establish a constitutional violation based on ineffective assistance of counsel, a petitioner must show both (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 692, 694 (1984). In evaluating counsel's performance, the court must

---

[3] In a declaration submitted with plaintiff's answer, Mr. Prieston denies ever promising defendant a specific sentence. (Desai Decl., Ex. 9 at 52.) He states that, prior to taking defendant's case, he spoke to AFD Negin, who informed him that defendant's plea offer had been revoked because defendant refused to accept it. (Id.) Mr. Prieston further avers that, once retained by defendant, he explained to defendant that the five-year offer had been revoked and he would try to get it renewed or get a similar offer, as he thought a 3.5-year sentence was "unlikely." (Id.)

1  apply a strong presumption that counsel's representation fell within the wide range of reasonable
2  professional assistance. Strickland, 466 U.S. at 689. Prejudice means that the error actually had
3  an adverse effect on the defense. There must be a reasonable probability that, but for counsel's
4  errors, the result of the proceeding would have been different. Id. at 693–94. A reasonable
5  probability is a probability sufficient to undermine confidence in the outcome. Id. The court
6  need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to
7  one prong. Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on
8  the ground of lack of sufficient prejudice, which we expect will often be so, that course should be
9  followed." Id.

10  The Strickland standard extends generally to the plea process. Hill v. Lockhart, 474 U.S.
11  52, 57 (1985). When a defendant rejects a plea offer based on counsel's deficient advice,
12  prejudice is demonstrated by showing a reasonable probability that the defendant would have
13  accepted the plea offer, the trial court would have accepted the terms of the plea agreement, and
14  the conviction or sentence would have been less severe than the one that actually was imposed
15  after trial. Ladler v. Cooper, ––– U.S. –––, 132 S. Ct. 1376, 1384 (2012); see generally, Hill,
16  474 U.S. at 59 (explaining that in the context of guilty pleas, the prejudice requirement "focuses
17  on whether counsel's constitutionally ineffective performance affected the outcome of the plea
18  process").

19  If the court finds that petitioner's allegations are sufficient to support both prongs of the
20  Strickland test, "a district court must grant a hearing to determine the validity of a petition
21  brought under § 2255, '[u]nless the motions and the files and records of the case conclusively
22  show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465
23  (9th Cir. 1994) (quoting 28 U.S.C. § 2255). In other words, an evidentiary hearing is required if
24  (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the
25  petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no
26  relief. United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004). No hearing is necessary if
27  the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so
28  palpably incredible or patently frivolous as to warrant summary dismissal." United States v.

McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996), cert. denied, 520 U.S. 1269 (1997); see also Howard, 381 F.3d at 879 (bald, conclusory or inherently incredible allegations do not support a hearing).

III. Analysis

Here, it is undisputed that Mr. Prieston had not been retained by defendant at the time he allegedly told defendant he could obtain a shorter sentence than the government offered in a fast-track plea. Because the Ninth Circuit has discussed this issue, the undersigned excerpts its opinion at length:

> For a lawyer's advice to constitute ineffective assistance of counsel, it must come from a lawyer who is representing the criminal defendant or otherwise appearing on the defendant's behalf in the case. See Stoia v. United States, 22 F.3d 766, 768 (7th Cir. 1994) ("[A] defendant's constitutional right to effective assistance of counsel does not extend to those cases where a nonappearing attorney ... gives a defendant legal advice even though he has not been retained by the defendant to help prepare his defense...."). Here, the allegedly incompetent advice came from a lawyer who had no previous connection to the case and who was not representing Martini in his defense. Martini had retained counsel capable of "requir[ing] the prosecution's case to survive the crucible of meaningful adversarial testing," United States v. Cronic, 466 U.S. 648, 656(1984), and he had not entrusted the second lawyer with the task of conducting his defense. The Sixth Amendment right to effective assistance of counsel guaranteed under Strickland . . . does not include the right to receive good advice from every lawyer a criminal defendant consults about his case. Instead, it comprises only the right to the effective assistance of the counsel guaranteed by the Sixth Amendment — that is, the counsel who represents the criminal defendant and helps to prepare his defense. See id. at 687 (describing the inquiry as whether counsel was "functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"). If a criminal defendant in fact receives effective assistance of counsel from the lawyer he has retained to meet the prosecution's case, he cannot later claim that he received ineffective assistance of counsel from another lawyer he chose to consult.

U.S. v. Martini, 31 F.3d 781, 782-783 (9th Cir. 1994) [some internal citations omitted]; see also U.S. v. Folds, 108 F.3d 339 (9th Cir. 1997) (Martini bars ineffective assistance claim as to lawyer who advised defendant to reject plea offer, where defendant was represented by another attorney).

Insofar as defendant's claim rests on Mr. Prieston's alleged statements prior to being retained, Martini makes clear that such statements are not encompassed by the Sixth Amendment

5

right to effective assistance of counsel, as defendant was still represented by AFD Negin at the time.  To the extent defendant's claim concerns Mr. Prieston's conduct after being retained, defendant cannot show prejudice under Strickland, as it is undisputed that the fast-track plea expired on May 27, 2012, before Mr. Prieston took over as defendant's counsel.

Based on the foregoing, the undersigned concludes that defendant's allegations, viewed against the record, fail to state a claim for relief under the Sixth Amendment.  Thus an evidentiary hearing is not warranted, and defendant's § 2255 motion should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 (ECF No. 35) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:14-cv-00856 JAM CKD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 6, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / lice0172.2255